Milligan, J.,
delivered the opinion of the Court.
This is an action brought before a Justice of the Peace of Davidson County, to recover one hundred dollars, which, it is alleged, was over paid, by mistake, in a settlement between the parties. The magistrate gave judgment for the defendant, from which the plaintiff appealed to the Circuit Court, where the cause was tried de novo, and there were verdict and judgment for the defendant, and an appeal in error to this Court.
There was but one witness in the case, and the facts, as detailed, are simple and consistent. The witness states, that, as agent of Case, he “purchased of Col. Woodward, agent for Williams, thirty barrels of whisky, at two dollars and twenty-five cents per gallon. The barrels averaged about .forty gallons, and on figuring it up by Mr. Case and Mr. Williams, it was found that the whisky came to twenty-seven hundred and some dollars, including the barrels, at two dollars each. The amount due being thus ascertained, the witness states, that thereupon the plaintiff paid over to the defendant, twenty-eight hundred and eighty-sis or eight dollars. He saw it counted three times, and is certain he cannot be mistaken.”
Under this state of facts, the Circuit Judge, among other things not excepted to, told the jury: “The rule of law is, that the party alleging the mistake must prove it, if denied; and another rule is, the best testimony in the power of the party, should be adduced. If the party who made the calculation, had it, or could state what it was, and that there were forty gallons in *241 each barrel, and no more, or that the average was forty gallons, and no more, would he sufficient to prove that fact. But for the witness to state he helped measure the whisky, and helped make the calculation, and there were about forty gallons, on an average, would not he the best testimony as to how much whisky there was; and you would not he warranted, on this testimony, in finding a verdict for the one hundred dollars, as thirty-nine gallons, or forty-one gallons, would he embraced in the line “about forty,” and according to the testimony. A very small amount in each barrel, over forty gallons, would cover all the money paid; consequently, there could be no recovery.”
To this part of his Honor’s instructions to the jury, there is exception; and it is insisted, in argument, that it is .equivalent to a determination, both of the law and the facts of the case. By the 6th article and 9 th section of the Constitution of the State, it is declared: “Judges shall not charge the jury with respect to matters of fact; they may state the testimony, and declare the law.” In this case, we think the charge goes far beyond' the limits prescribed in the Constitution, as well as the uniform ruling of this Court. It assumes to answer both the questions of law and fact, and is, therefore, most clearly, erroneous: Kirtland vs. Montgomery. 1 Swan, 452.
Superadded to this, the deductions drawn in the charge are erroneous. The testimony shows that the parties themselves “figured up” the amount due on the whole purchase; and the exact quantity which each barrel contained cannot, therefore, materially affect this *242 argument. It follows, that the criticism on the words “about forty gallons,” is merely sticking in the dark, without affecting the weight of the testimony, or the real merits of the case, and yet highly calculated to mislead the jury.
The judgment must be reversed, and a new trial awarded.